IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KATIE D. SCOTT and <br> LINDA ATTKISSON FOSTER, <br><br> Plaintiffs,` <br><br> v. <br><br> MIDLAND NATIONAL LIFE <br> INSURANCE COMPANY, <br><br> Defendant. <br> ---------------------------------------------- <br> MIDLAND NATIONAL LIFE <br> INSURANCE COMPANY, <br><br> Counterplaintiff, <br><br> v. <br><br> KATIE D. SCOTT and <br> LINDA ATTKISSON FOSTER, <br><br> Counterdefendants. | No. 1:11-cv-00076 <br><br> Judge Aleta Trauger <br> Magistrate Judge John S. Bryant |

## AGREED FINAL DECREE OF INTERPLEADER

This cause comes before the Court on Midland National Life Insurance Company's ("Midland National") motion for the entry of an agreed final decree of interpleader in its favor, the Court having considered Midland National's written motion and its proposed final decree of interpleader, the admissions and pleadings on file herein, this Court's docket, and the arguments and representations made by counsel for parties who have heretofore appeared in this matter; the Court being fully advised:

THE COURT FINDS AS FOLLOWS:

1.  Midland National is an Iowa corporation and has its principal place of business in Iowa.

1

2. Midland National heretofore issued its life insurance Policy No. 1502893597 ("Policy") insuring George M. Foster ("Insured") in the face amount of $250,000.

3. The beneficiaries of record of the Policy on the date of death of the Insured were Katie and Linda, both of whom are considered persons of interest, if not suspects, in the police investigation of the murder of the Insured.

4. Midland's policy is that it will not pay death benefits without written or other substantial confirmation that the beneficiary(ies) is/are no longer suspects or persons of interest in an ongoing homicide investigation.

5. Katie and Linda have made claim for death benefits under the Policy, and Midland cannot safely pay death benefits to them without exposing itself to multiple liability or multiple litigation or both.

6. Midland National therefore filed its Counterclaim for Interpleader Relief to avoid multiple liability or litigation or both and is entitled to interpleader relief as requested in its motion for the entry of this Final Decree of Interpleader.

7. The full and total liability of Midland National under the Policy and on account of the death of the Insured for insurance proceeds and interest is $250,000 plus all applicable accrued interest, which sum Midland National is prepared to deposit with the Clerk of this Court to abide the further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A. This Court has personal jurisdiction of the parties to this interpleader action, namely Katie D. Scott and Linda Attkisson Foster all of whom have appeared by counsel, has subject matter jurisdiction over this lawsuit, and venue is proper in this Court.

B. Midland National is ordered to deposit its total admitted liability of $250,000 plus all applicable accrued interest with the Clerk of this Court;

C. Upon depositing its admitted liability, Midland National will have discharged its full and total liability under Policy No. 1502893597 payable on account of the death of George M. Foster and shall have no further liability to the defendants, and each of them, and each and any person or entity claiming through or for the benefit of the defendants, or any of them, arising under the policy on account of the death of George M. Foster.

D. The defendants, Katie D. Scott and Linda Attkisson Foster, and each of them, and any person or entity claiming through or for the benefit of them, are permanently and perpetually restrained and enjoined from commencing or prosecuting any proceeding or claim against Midland National in any state or federal court or any other forum with respect to the insurance proceeds payable under the Policy No. 1502893597 and on account of the death of George M. Foster and this injunction issues without bond or surety.

E. Midland National is excused from further attendance upon this cause and the adverse claimants shall litigate their claims to the deposited insurance proceeds which are the subject of this lawsuit without further involving Midland National.

F. This decree is a final judgment and this Court expressly finds and determines that there is no just reason to delay enforcement or appeal of this order.

DATE: 12/2/11

United States District Court Judge
Aleta Trauger

3

Agreed and approved by:


s/ Katharine R. Cloud
Katharine R. Cloud (BPR No. 19336)
Stuart A. Burkhalter (BPR No. 29078)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737
kcloud@rwjplc.com
sburkhalter@rwjplc.com


Joseph J. Hasman (admitted *pro hac vice*)
Morgan J. Milner (admitted *pro hac vice*)
Chittenden, Murday & Novotny LLC
303 West Madison Street
Suite 1400
Chicago, Illinois 60606
(312) 281-3600

*Attorneys for Defendant*


s/ Larry Sands
Larry Sands
P.O. Box 1660
Columbia, TN 38402-1660
(931) 381-1965
sands@cpws.net

*Attorney for Plaintiff Linda Attkisson Foster*


s/ Jerry C. Colley
Jerry C. Colley
P.O. Box 1476
Columbia, TN 38402-1476
(931) 388-8564
colleyx2@bellsouth.net

*Attorney for Plaintiff Katie D. Scott*

4